UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-7064-GHK (PJWx) | Date | September 9, 2011 |
|---|---|---|---|
| Title | *California Housing Finance Agency v. Christa A. Cross, et al.* | | |

| Presiding: The Honorable | GEORGE H. KING, U. S. DISTRICT JUDGE | |
|---|---|---|
| Beatrice Herrera | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendant: |
|---|---|
| None | None |

**Proceedings:**   (In Chambers) Order to Show Cause

On August 26, 2011, Defendant Sally McCormack ("Defendant") removed the above-titled action to this Court. The Notice of Removal states that we have federal question jurisdiction because the Complaint arises under federal law.

As a court of limited jurisdiction, *see Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Finley v. United States*, 490 U.S. 545, 547-48 (1989), we must determine the issue of subject matter jurisdiction before reaching the merits of a case. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998).

We have original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 1331. "In determining the presence or absence of federal jurisdiction, we apply the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004) (internal quotation marks omitted). Under the "well-pleaded complaint" rule, a plaintiff is considered the master of his complaint and may ignore a federal claim and assert only a state claim in order to defeat removal. *Sullivan v. First Affiliated Sec., Inc.*, 813 F.2d 1368, 1372 (9th Cir. 1987). Therefore, "a defense is not part of a plaintiff's properly pleaded statement of his or her claim" and "the federal issue must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal." *Dynergy*, 375 F.3d at 838 (internal quotation omitted). "Nor can federal jurisdiction rest upon an actual or anticipated counterclaim." *Vaden v. Discover Bank*, 129 S. Ct. 1262, 1266 (2009).

Along with the Notice of Removal, Defendant attached the state court Complaint. On its face, the Complaint only alleges a claim for unlawful detainer under California law. Therefore, it does not appear that this case presents a federal question.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-7064-GHK (PJWx) | Date | September 9, 2011 |
|---|---|---|---|
| Title | *California Housing Finance Agency v. Christa A. Cross, et al.* | | |

     Defendant, however, argues that the Protecting Tenants at Foreclosure Act of 2009 ("PTFA") preempts state law with respect to the eviction of the bona fide residential tenants of foreclosed landlords, and therefore provides this Court with jurisdiction. In the Notice of Removal, Defendant argues that "[i]t is impossible to evict a bona fide residential tenant of a foreclosed landlord in California under state law, since the cause of action is purely a Federal one in ejectment." (Dkt. 1.) Defendant maintains that Plaintiff California Housing Finance Agency ("Plaintiff") has "artfully pled" its unlawful detainer cause of action to avoid stating a federal claim.

     "[U]nder the artful pleading rule a plaintiff may not defeat removal by omitting to plead necessary federal questions in a complaint." *Arco Envtl. Remediation v. Dep't of Health & Envtl. Quality of Mont.*, 213 F.3d 1108, 1114 (9th Cir. 2000) (internal quotation marks omitted). "Since its first articulation . . . courts have used the artful pleading doctrine in: (1) complete preemption cases and (2) substantial federal question cases." *Lippit v. Raymond James Fin. Servs., Inc.*, 340 F.3d 1033, 1041 (9th Cir. 2003) (citations omitted).

     Defendant has provided no authority that the PTFA is a recognized area of complete preemption, nor has Plaintiff made a compelling argument that the PTFA completely preempts state-law unlawful detainer cases. Moreover, this case does not appear to contain claims presenting a substantial federal question that would give this court federal question jurisdiction. "If a complaint asserts only state-law claims, a federal court may still have federal question jurisdiction over the dispute if 'some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims.'" *Fed. Nat'l Mortg. Assoc. v. Hammond*, No. CV 11-00867 GAF (OPx), 2011 U.S. Dist LEXIS 67321, at *6 (C.D. Cal. June 22, 2011) (citing *Rains v. Criterion Sys. Inc.*, 80 F.3d 339, 345 (9th Cir. 1996)). As applied here, California law does not make compliance with the PTFA a necessary element of an unlawful detainer cause of action. Instead, non-compliance with the PTFA may at best serve as a defense to an unlawful detainer claim. A federal defense does not support federal question jurisdiction. *Franchise Tax Bd. v. Const. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 14 (1983).

     The party seeking to establish jurisdiction bears the burden of proving such. *Kokkonen*, 511 U.S. at 377. Therefore, Defendant is **ORDERED TO SHOW CAUSE**, in writing, **WITHIN TWELVE (12) DAYS** hereof, as to why this matter should not be remanded because this Court lacks subject matter jurisdiction. Defendant's failure to timely and adequately show cause as required herein shall be deemed Defendant's admission that this Court lacks subject matter jurisdiction. In that event, this action shall be remanded for lack of subject matter jurisdiction.

     **IT IS SO ORDERED.**

                                                                                           :

Initials of Deputy Clerk    IR for Bea